UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 25-11007-WLH (AS) | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Le Trevion Plater v. Los Angeles Superior Court* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not present | | Not present |

**Proceedings (In Chambers):**   **ORDER TO SHOW CAUSE RE DISMISSAL FOR VIOLATION OF FED. R. CIV. P. 8(a)**

On November 17, 2025, Le Trevion Plater ("Plaintiff"), a California resident proceeding pro se, who has been granted leave to proceed in forma pauperis, initiated this civil action against the Los Angeles Superior Court. (See Dkt. No. 1). However, Plaintiff did not file a Complaint in accordance with Rule 8(a) of the Federal Rules of Civil Procedure. Instead, he filed only a title page, which includes the case caption, the case number, and a vague "[r]equest of expedited pecuniary interest," with no claims or allegations. (Id.).

Rule 8(a) requires a Complaint to contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of this rule is to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, to properly comply with Rule 8, a complaint must "fully set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (noting that under Rule 8(a) a complaint must contain "sufficient allegations to put defendants fairly on notice of the claims against them").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 25-11007-WLH (AS) | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Le Trevion Plater v. Los Angeles Superior Court* | | |

Here, as Plaintiff has not filed any pleading that sets forth legal claims, factual allegations, or other information needed to comply with Rule 8(a), dismissal may be warranted.

Additionally, though the absence of a proper complaint leaves it is unclear what claims Plaintiff may intend to assert in this case, it is at least clear that he cannot proceed on any claims against the only Defendant named in the case – the Los Angeles Superior Court. California superior courts are state entities protected from suit by the Eleventh Amendment. See Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989))); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court is an arm of state protected from lawsuit by Eleventh Amendment immunity). Indeed, Plaintiff also cannot sue any state court judges, to the extent he may wish to do so. Claims against state court judges in their official capacities are barred by the Eleventh Amendment, see Munoz v. Superior Ct. of L.A. Cnty., 91 F.4th 977, 980 (9th Cir. 2024) ("[T]he Superior Court of the State of California has sovereign immunity as an arm of the state. . . . Judge Taylor also has Eleventh Amendment immunity as a state judge." (citations omitted)), and judges are entitled to absolute immunity from damage liability in their individual capacities regarding any "judicial acts taken within the jurisdiction of their courts," Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); see also Pangelinan v. Wiseman, 370 F. App'x 818, 819 (9th Cir. 2010) ("The district court properly concluded that the judges were immune to the extent they were sued for claims arising from their decisions in [plaintiff's] lawsuits."). Thus, dismissal may also be warranted for failure to name a defendant who can be sued for relief in this Court.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE, in writing, no later than January 15, 2026**, why this action should not be dismissed for the reasons stated above. This Order may be discharged upon the filing of a Complaint that complies with Rule 8(a) and that names a defendant who may be sued for relief in this Court.

If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). A notice of dismissal form is attached for Plaintiff's convenience. <u>Plaintiff is warned that a failure to timely respond to this Order may result in a recommendation that this action be dismissed for the reasons stated above, or else for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 25-11007-WLH (AS) | Date | December 16, 2025 |
|---|---|---|---|
| Title | *Le Trevion Plater v. Los Angeles Superior Court* | | |

**IT IS SO ORDERED.**

cc:   Wesley L. Hsu, United States District Judge

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | AF | |